**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DONALD KISSNER,

    Petitioner,

v.                                                      Case No. 2:12-CV-10619

KENNETH ROMANOWSKI,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Donald Kissner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction of tampering with evidence,[1] and attempted obstruction of justice.[2] Petitioner is currently serving concurrent sentences of 4 to 15 years imprisonment for the tampering conviction and 1 year and 3 months to 15 years for the attempted obstruction of justice, as a fourth habitual offender.[3] For the reasons that follow, the petition for writ of habeas corpus will be denied.

**I. BACKGROUND**

Petitioner was convicted of the above offenses following a jury trial in the Shiawassee County Circuit Court. This court recites verbatim the relevant facts relied

---

    [1] Mich. Comp. Laws § 750.483a(6)(a).

    [2] Mich. Comp. Laws §§ 750.92; 750.505.

    [3] Mich. Comp. Laws § 769.12.

upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009):

> In August 2004, Judge Gerald Lostracco, a Shiawassee Circuit Court judge, presided over a jury trial in which defendant was convicted of burning real property, MCL 750.73, and sentenced as a third-offense habitual offender, MCL 769.11, to 11 to 20 years in prison. In August 2008, after having exhausted his appellate rights, defendant filed a motion for relief from judgment concerning his conviction for burning real property claiming that Judge Lostracco should have disqualified himself from the 2004 trial. The motion stated, in pertinent part, "The trial court erred in failing to sua sponte disqualify himself based on personal bias against the defendant where the defendant was [an] ex-boyfriend to and possibly fathered a child by the judge's daughter." Defendant also stated "that he is indigent and requests appointment of counsel in this matter pursuant to MCR 6.505(A)."
>
> Although defendant stated that an accompanying brief would provide facts supporting each ground for relief, no brief in support of the motion is included in the trial-court record. However, defendant filed with the motion an affidavit in support of the motion, that stated, in pertinent part:
>
>> (3) That I was personally involved in a romantic relationship, from the summer of 1996 to around November or December of 1998, with Misty Lostracco, who is the daughter of my judge;
>>
>> (4) That I met Misty Lostracco at [a] local hang-out called "the pits" near the parking lot of the Owosso Theater;
>>
>> (5) That I have been to the home of Judge Lostracco to visit Misty Lostracco;
>>
>> (6) That I have stayed the night at Judge Lostracco's home with his permission on several occasions;
>>
>> (7) That on one occasion, around October of 1998, Judge Lostracco came home to find Misty and I making-out and partially undressed, Judge Lostracco then chased me out of his home and into my vehicle with a baseball bat;

(8) That Misty Lostracco became pregnant shortly after our break-up [.] No paternity tests have been performed and I am not sure the child is mine;

(9) That there were sexual relations between Misty and I during the time we were seeing each other;

(10) That Judge Lostracco personally knew me by name and appearance;

(11) That I told my trial attorney, Douglas Corwin Jr., prior to trial at a supplemental hearing about the relationship with the Judge's daughter and about the incident with the baseball bat. Defense counsel told me it was nothing to worry about and did not thereafter file a motion for judicial disqualification.

I declare under penalty of perjury that the above statements are True to the best of my knowledge, information, and belief.

Defendant signed both the affidavit and the motion for relief from judgment, and the parties stipulated that Geraldine Harris, a notary with the Michigan Department of Corrections, notarized defendant's signature on the motion and the affidavit, but did not have defendant swear to the truthfulness of the contents.

Judge Lostracco testified in the present case that he did not have a daughter named Misty. Although Judge Lostracco has a daughter, she would have turned 11 years old in the summer of 1996, when defendant alleged his relationship with Misty Lostracco began. Further, Judge Lostracco testified that his daughter had never been pregnant or had a child, was not married, and had recently graduated from college and was working. Judge Lostracco explained that he first became familiar with defendant in late 2001 when defendant appeared before him during court proceedings. Judge Lostracco maintained that he had never seen or had any acquaintance with defendant before that time. He denied ever allowing defendant to come to his home or chasing defendant with a baseball bat. Judge Lostracco also testified that defendant's statements in his affidavit that he knew Judge Lostracco and his daughter personally were completely false.

Douglas Corwin, Jr., defendant's attorney during the 2004 trial, testified that during his preparation for that trial and in the course of the trial, defendant never stated that he had a relationship with Judge

Lostracco's daughter or that he had a physical confrontation with Judge Lostracco. Further, defendant never asked Corwin to file a motion to disqualify Judge Lostracco from hearing the arson case. Corwin testified that defendant's claims that he had told Corwin about his relationship with Judge Lostracco's daughter and that Judge Lostracco had confronted him with a baseball bat were untrue.

Corwin also testified that initially he had been appointed as defendant's counsel in the present case, but at the preliminary examination and in defendant's presence, the trial court had granted his request to withdraw as counsel. According to Corwin, at the end of the preliminary examination he explained to defendant that he was no longer his attorney and that the court would appoint a new attorney for defendant. At this point, defendant began commenting on the charges arising from his filing of the motion for relief from judgment and affidavit, stating, "Geez, they can't take a f-- king joke, can they?"

Sergeant Mark Pendergraff of the Michigan State Police interviewed defendant as part of his investigation in the case. Defendant told Pendergraff that he had signed both the motion for relief from judgment and the affidavit and mailed a copy of each to Judge Lostracco and the Shiawassee County Prosecuting Attorney. When asked, defendant stated that all the information contained in each document, and every statement of the affidavit, was true. Defendant also claimed that he knew someone who could verify his relationship with Misty Lostracco, but he refused to give Pendergraff any names. As part of his investigation, Pendergraff attempted to locate any person named Misty Lostracco, but he could find no one named Misty or Melissa Lostracco in the entire United States. Further, Pendergraff found no indication that any person named Misty Lostracco had lived in Michigan between 1996 and 1998.

In January 2009, the prosecutor charged defendant with one count of tampering with evidence, MCL 750.483a(6)(a). At a competency examination, the trial court found defendant competent to stand trial. Approximately one month later, the prosecutor also charged defendant with one count of attempted obstruction of justice, MCL 750.92; MCL 750.505.

At trial, Judge Lostracco testified that he held a hearing on October 6, 2008, regarding defendant's motion for relief from judgment. Although defendant had requested counsel in advance of the hearing, Judge Lostracco had declined the request, reasoning that defendant was not entitled to counsel because he had exhausted his appeal as of right. Judge Lostracco stated that defendant had acknowledged under oath that the documents filed with the court in relation to the motion for relief from

judgment were his documents.

After the close of proofs at trial, defendant moved for a directed verdict on both counts, arguing that all evidence regarding the October 6, 2008, hearing should be struck because defendant had not been appointed counsel pursuant to MCR 6.505(A) and that the remaining evidence was insufficient to find defendant guilty on either count. The trial court denied defendant's motion for a directed verdict, concluding that the "official proceeding" had begun when defendant filed his motion and affidavit. However, the trial court struck the portion of Judge Lostracco's testimony concerning the October 6, 2008, hearing. When instructing the jury, the trial court stated:

> Judge Lostracco testified about a court hearing held on October 6, 2008, at which Mr. Kissner participated by telephone, was sworn and gave certain testimony. I am striking all references to defendant's testimony given by telephone on October 6, 2008, and you are not to consider that testimony in reaching your verdict. You may consider the remainder of Judge Lostracco's testimony.

A jury convicted defendant of both counts on August 12, 2009.

*People v. Kissner,* 808 N.W.2d at 522, 523-526 (Mich. Ct. App. 2011).

Petitioner's conviction was affirmed on appeal. *Id., lv. to appeal den.* 804 N.W. 2d 326 (Mich. 2011).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. There was insufficient evidence to convict defendant of tampering with evidence and attempted obstruction of justice when the trial court failed to appoint an attorney for Defendant as required by court rules.

II. Defendant cannot be convicted of tampering with evidence and attempted obstruction of justice when the trial court failed to appoint an attorney for Defendant as required by the court rules. [4]

---

[4] Respondent contends that Petitioner's habeas petition contains unexhausted claims. Petitioner in his reply brief, in citing to pages 50-59 of respondent's brief, claims that respondent has misconstrued the additional information listed within those pages. Petitioner further contends that this language "is nothing more than additional statement of facts listed as 'Brief argument against the Court of Appeals decision' (Note, one

## II. STANDARD

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied

---

through Eight) this is no new issues no no (sic) more like an objection to the decision. Please correct that information." The court agrees with Petitioner that the attachment appears to be background information and the additional issues cited by respondent are not found nor briefed as issues in the habeas petition. As the Petitioner clearly states that Respondent has misconstrued this information as unexhausted claims, the court will decline to consider the additional information as additional claims raised by Petitioner.

clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. DISCUSSION

#### A. Claim # 1. The sufficiency of the evidence

In his first claim, Petitioner argues that there was insufficient evidence to convict him of tampering with evidence and attempted obstruction of justice when the trial court failed to appoint an attorney for Petitioner as required by the court rule, MCR 6.505(A).

At the hearing on Petitioner's motion for relief from judgment, Petitioner requested and was denied counsel. The court excluded excerpts of testimony from the post-conviction evidentiary hearing from Petitioner's trial due to lack of counsel during the evidentiary hearing. By not objecting when the trial court addressed the error, Petitioner has waived any error. Petitioner also claims that the evidence to sustain his conviction is insufficient.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted) (emphasis in the original).

Petitioner's primary argument is that there was insufficient evidence to convict him of these crimes because "by striking this hearing [on the post-conviction motion] the crime was struck." (Habeas Petition, Attachment A, p. 1) The trial court struck portions of the testimony given during the evidentiary hearing on Petitioner's motion for relief from judgment after finding that Petitioner was improperly denied the right to

counsel during this hearing. The Court of Appeals found that any remaining claim of error was unpreserved because Petitioner "did not challenge the trial court's decision to strike Judge Lostracco's testimony as a means of addressing the error arising from the failure to provide counsel to defendant at the October 6, 2008, hearing." *Kissner,* 808 N.W. 2d at 530. Petitioner argues that the sworn testimony from the evidentiary hearing is the basis upon which the charges were brought and by striking the testimony, there was insufficient evidence to convict him of these charges.

The Michigan Court of Appeals found otherwise:

> Defendant acknowledges in his brief on appeal that the information he provided in his motion for relief from judgment and affidavit was false. He does not dispute that he recklessly disregarded its falsity. He also does not dispute that the affidavit constituted "evidence." Instead, defendant merely argues that he cannot be guilty of tampering with evidence because he did not offer the evidence at an official proceeding. * * * * [T]he term "proceeding" encompasses the entirety of a lawsuit, from its commencement to its conclusion.

*Kissner,* 808 N.W. 2d at 527-28.

Petitioner also challenges the sufficiency of the evidence to sustain a conviction for attempted obstruction of justice.

The Michigan Court of Appeals rejected Petitioner's claim:

> [D]efendant argues that the filing of the motion for relief from judgment and the affidavit did not constitute an attempted obstruction of justice because it did not rise to the level of an offense that interferes with public justice.
> * * *
> [D]efendant would have attempted to obstruct justice if he performed an act leading to interference with the orderly administration of justice by filing the motion and affidavit. * * * [T]he evidence presented at trial was sufficient to establish that defendant attempted to obstruct justice when he filed the motion and affidavit.

*Kissner,* 808 N.W. 2d at 529-30.

9

Based on this interpretation, the Michigan Court of Appeals found that the filing of the motion and affidavit containing false accusations constituted a proceeding within the meaning of the statute. The record reflects that Petitioner admitted in his brief on appeal that he filed the documents knowing that the contents were false. Furthermore, Petitioner signed the documents attesting that under perjury, the contents of the documents were true. The filing of the motion for relief from judgment and supporting affidavit is the basis of the underlying charges. The charges do not stem from the evidentiary hearing on this matter. Furthermore, the intent of filing the false documents was to obtain a new trial, which is an act meant to interfere with the orderly administration of justice. As the Michigan Court of Appeals recognized, the record clearly demonstrates sufficient evidence to sustain Petitioner's convictions for tampering with evidence and the attempted obstruction of justice.

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). State courts are the "ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. *See Sanford v. Yukins*, 288 F.3d 855, 862 (6th Cir. 2002). Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as *Jackson* claims. *Id.* (citing *Bates v. McCaughtry*, 934 F.2d 99, 103 (7th Cir. 1991)). This court must therefore defer to the Michigan Court of Appeals' construction of the elements of

state crimes. *See Coe v. Bell*, 161 F.3d 320, 347 (6th Cir. 1998).

The affidavit and motion have been interpreted by the Michigan Court of Appeals as a proceeding within the meaning of the applicable statutes. This evidence along with the testimony taken during Petitioner's jury trial provided a sufficient basis to sustain a conviction for tampering with evidence and attempted obstruction of justice. In finding sufficient evidence to support a conviction for tampering with the evidence and attempted obstruction of justice, the Michigan Court of Appeals held:

> We affirm defendant's convictions for tampering with evidence and attempted obstruction of justice. The evidence presented at trial indicated that defendant offered evidence at an official proceeding that he recklessly disregarded as false when he submitted the affidavit to the Shiawassee Circuit Court. That evidence was sufficient to establish a cause of action for tampering with evidence. The evidence presented at trial that defendant filed the motion for relief from judgment in an attempt to have the trial court grant him a new trial, even though he knew the information contained in the motion and supporting affidavit was false, was also sufficient to support defendant's conviction for attempted obstruction of justice.

*Kissner*, 808 N.W. 2d at 531. Petitioner's first claim is without merit.

### B. Claim # 2. The right to appointed counsel.

Petitioner's second claim alleges that he cannot be convicted of the underlying charges because the court "refused to appoint counsel as required by the court rules."

Due to a conviction on a prior matter, Petitioner filed a motion for relief from judgment in the trial court. In an effort to gain a new trial in his prior case, Petitioner filed a motion for relief from judgment and affidavit, knowingly containing false information. During the evidentiary hearing, held by telephone on the motion, the trial court in error refused to appoint counsel. Testimony given during this proceeding was later excluded from Petitioner's subsequent trial, which is now before this court.

11

Petitioner's second claim refers to a lack of counsel during the evidentiary hearing on Petitioner's prior arson conviction, which is a separate case. As such, Petitioner should have raised the issue in an appeal regarding the motion for relief from judgment. The trial court instructed the jury to not consider Petitioner's testimony given in the October 8, 2008 phone conversation, and no error resulted from a lack of counsel during the evidentiary hearing on Petitioner's motion for relief from judgment of his prior conviction.

A jury must be presumed to have followed a trial court's instructions. *See Weeks v. Angelone*, 528 U.S. 225, 234 (2000). In this case, the fact that the trial court gave a prompt, curative instruction weighs against a finding that lack of counsel in the prior proceeding rendered the trial fundamentally unfair. *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1356 (6th Cir. 1993)(habeas petitioner not entitled to habeas relief based on the prosecutor's isolated mention of petitioner's prior conviction for possession of marijuana, where the trial court gave the jurors "a strong, prompt; curative instruction").

Because counsel was appointed to represent Petitioner during his trial on the charges of tampering with evidence and attempted obstruction of justice, and with no error having occurred as a result of lack of counsel in the prior proceeding, Petitioner's second claim is without merit.

## C. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. at 327. In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. *Id.* at 336–37.

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

IT IS ORDERED that Petitioner Donald Kissner's petition for writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED this court DECLINES to issue a certificate of appealability.

        s/Robert H. Cleland  
        ROBERT H. CLELAND  
        UNITED STATES DISTRICT JUDGE

Dated: April 30, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 30, 2014, by electronic and/or ordinary mail.

                                                 s/Lisa Wagner
                                                 Case Manager and Deputy Clerk
                                                 (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\12-10619.KISSNER.2254.ac.RHC.wpd