UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KISSNER,

        Petitioner,

v.                                                  Case No. 12-10619

KENNETH ROMANOWSKI,

        Respondent.
                                    /

**OPINION AND ORDER DIRECTING THE CLERK OF THE COURT TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET AND TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS**

In 2012, Petitioner Donald Kissner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenged his conviction out of the Shiawassee County Circuit Court for tampering with evidence and attempted obstruction of justice. This court denied the petition on the merits. *See Kissner v. Romanowski*, No. 12-10619, 2014 WL 1746496 (E.D. Mich. Apr. 30, 2014), *appeal dismissed*, No. 14-1634 (6th Cir. Oct. 9, 2014), *cert. denied*, 135 S. Ct. 1553 (2015). Petitioner has since been denied permission by the Sixth Circuit Court of Appeals to file a second habeas petition. *See In Re Kissner,* No. 19-1010 (6th Cir. Apr. 30, 2019).

Before the court is Petitioner's Rule 60(b) motion for relief from judgment. For the reasons that follow, the court will order the case to be reopened to its active docket and transfer the motion for relief from judgment to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

Petitioner seeks to reopen his case and vacate the original judgment. The Clerk of the Court must reopen the case to the court's active docket for the purpose of facilitating the adjudication of petitioner's motion. *See Kissner v. Palmer*, No. 10-14759, 2018 WL 5292024, at *1 (E.D. Mich. Oct. 25, 2018); *Heximer v. Woods*, No. 08-14170, 2016 WL 183629, at *1 (E.D. Mich. Jan. 15, 2016).

In his motion for relief from judgment, Petitioner alleges that he has newly discovered evidence which would support granting habeas relief on the claims he raised in his original habeas petition. Petitioner also apparently seeks to raise new claims.

A Rule 60(b) motion for relief from judgment seeking to advance one or more substantive claims following the denial of a habeas petition—such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, to present newly discovered evidence not presented in the petition, or relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied—should be classified as a "second or successive habeas petition." *See Gonzalez v. Crosby,* 545 U.S. 524, 531-32 (2005). Such a motion requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See id*. A habeas petitioner's Rule 60(b) motion "that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." *Id.* at 534 (emphasis in original).

Petitioner's motion for relief from judgment amounts to a second or successive habeas petition because the motion seeks to advance claims that the court "previously considered and dismissed on substantive, constitutional grounds." *See Post v.*

2

*Bradshaw,* 422 F.3d 419, 424-25 (6th Cir. 2005). A Rule 60(b) motion seeking to introduce new evidence in support of habeas claims that have previously been denied qualifies as a second or successive habeas petition. *See In Re Bowling,* 422 F.3d 434, 439-40 (6th Cir. 2005) (finding that the district court properly construed habeas petitioner's Rule 60(b) motion, which sought to introduce new evidence in support of his previously adjudicated ineffective assistance of counsel claim, as a second or successive habeas petition).

Petitioner also seeks to use this allegedly newly discovered evidence to support new claims. When a motion for relief from judgment in a habeas proceeding seeks to add a new ground for relief, whether similar to or different from the claims raised in the first petition, the motion should generally be treated as a second or successive petition. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 532).

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner "shall move in the appropriate court of appeals for an order authorizing the district court to consider" the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998) ("[A] state prisoner may not file a second or successive habeas petition unless the court of appeals issues an order in which it authorizes the district court to consider the petition."). Under the Antiterrorism and Effective Death Penalty Act, a federal district court "does not have jurisdiction to entertain a successive postconviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive

3

motion or petition." *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Thus, unless the Sixth Circuit has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the case regardless of how meritorious a petitioner's claims appear to be. *Id.* at 971; *see also In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). This requirement "transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court." *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner's current motion for relief from judgment is a successive petition for a writ of habeas corpus, and he is therefore required to obtain a certificate of authorization. Accordingly, the court will transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit. Accordingly,

IT IS ORDERED that the Clerk of the Court REOPEN the case to the court's active docket.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1631, Petitioner's "Motion for Relief from Judgment" (ECF No. 26) is TRANSFERRED to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

s/Robert H. Cleland                    /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 2, 2022

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 2, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                    /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\12-10619.KISSNER.ReopeningCaseAndTransferToCOA.DHB.MAZ.docx